IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

HERBERT BUCKLAND and JANE )
BUCKLAND, )
                                 )
      Plaintiffs, )
                                 )
v. ) No. CIV-11-285-FHS
                                 )
DOUGLAS BUCKLAND, DEPUTY MONICA )
SMITH, DETECTIVE DWAYNE HALL, and )
DETECTIVE JASON JACKSON, )
                                 )
     Defendants. )

**OPINION AND ORDER**

     This is an action instituted by Plaintiffs, Herbert and Jane Buckland, seeking the return of a 1956 Red Mercury Coupe ("the Coupe") now in the possession of Defendant, Douglas Buckland. Plaintiffs contend Douglas Buckland, with the assistance of law enforcement Defendants Monica Smith, Dwayne Hall, and Jason Jackson ("Law Enforcement Defendants"), obtained possession of the Coupe through the "illegal use of illegal documents, [and] lack of due process of the law to deprive the plaintiff of his property and constitutional rights." Complaint, p. 1. Now before the Court is the Law Enforcement Defendants' Motion to Dismiss (Dkt. No. 22) seeking dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for Plaintiffs' failure to state a claim upon which relief can be granted. The matter has been fully briefed. Having considered the respective submissions of the parties, the Court finds the Law Enforcement Defendants' Motion to Dismiss (Dkt. No. 22) should be granted.

     Plaintiffs appear *pro se* and the Court will liberally construe their pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

1

Background for the underlying dispute can be gleaned from the July 22, 2009, Order from the Circuit Court of Noble County, Indiana, attached to Plaintiffs' Complaint. Douglas Buckland initiated the Indiana litigation against his father, Herbert Buckland, after Herbert Buckland took the Coupe from Douglas Buckland in Indiana "under the guise of having some paint repairs done to the car in Oklahoma" and thereafter refused to return the Coupe. Indiana Court Order, p. 2. In that Order, the Noble County, Indiana, Circuit Court made findings establishing a valid inter-vivos gift of the Coupe from Herbert Buckland to Douglas Buckland, on April 29, 1996. The Indiana Court Order reflects that Douglas Buckland obtained possession of the Coupe pursuant to a pre-judgment order for possession issued by the Indiana Court on February 25, 2008. Notwithstanding this Indiana Court Order, Plaintiffs contend the Coupe was taken from them on April 2, 2008, without their consent or knowledge and "by means of larceny." Complaint, p. 2. Plaintiffs further contend the Law Enforcement Defendants "illegally trespassed to locate the Coupe" and that they "had no legal documentation, probable cause, search warrant or evidence of notification" when seizing the Coupe. Id. at 3. Plaintiff, Herbert Buckland, further alleges that on April 7, 2008, the McIntosh County, Oklahoma, Sheriff's Department denied "him his right to file a complaint for investigation" in relation to the Coupe being taken from his premises by Defendant, Douglas Buckland, and the Law Enforcement Defendants. Id. Finally, Plaintiff, Herbert Buckland, contends that on August 19, 2009, Ryan Boggs (Badge No. 4607) accepted his statement for investigation, but that "[t]his investigation was still not allowed to be filed as a formal Complaint" thereby denying him due process of law. Id.

Liberally construing Plaintiffs' Complaint, the Court concludes Plaintiffs are attempting to assert both constitutional

2

claims pursuant to the authority of 42 U.S.C. § 1983 for illegal search and seizure and denial of due process, as well as state tort claims in connection with the removal of the Coupe from Plaintiffs' possession in Oklahoma.  Putting aside for the moment the allegations in connection with the August 19, 2009, "failure to investigate" charge by Plaintiff, Herbert Buckland, the facts as alleged in the Complaint establish April 7, 2008 - the date the McIntosh County, Oklahoma, Sheriff's Department allegedly failed to investigate the April 2, 2008, seizure of the Coupe - as the latest date for any alleged violation of Plaintiffs' constitutional or state law-based rights.  This lawsuit was not filed until August 19, 2011 - more than three years later.

In Wilson v. Garcia, 471 U.S. 261 (1985), the United States Supreme Court eliminated much of the confusion surrounding the appropriate statute of limitations period for claims arising under §1983.  The Supreme Court held that a single statute of limitations should govern all §1983 claims and that the state statute of limitations applicable to personal injury actions should govern all §1983 suits.  See also Mondragon v. Thompson, 519 F.3d 1078, 1082 (10th Cir. 2008).  In Oklahoma, the appropriate statute of limitations period for §1983 claims is the two-year limitation of 12 O.S. § 95(A)(3), which addresses not only personal injury actions, but actions grounded in trespass, conversion, or fraud. Hill v. Oklahoma, 399 Fed.Appx. 388, 390 (10th Cir. 2010); Abbitt v. Franklin, 731 F.2d 661, 663 (10th Cir. 1984) (en banc); EEOC v. Gaddis, 733 F.2d 1373, 1377 (10th Cir. 1984); see Meade v. Grubbs, 841 F.2d 1512, 1522-24 (10th Cir. 1988) (the court rejected Oklahoma's one-year statute of limitations period for §1983 claims of assault and battery, and reaffirmed its view that Oklahoma's two-year period is the appropriate limitations period for §1983 claims).  Plaintiffs' amorphous state law claims, whether they be

3

characterized as ones for trespass, conversion, or fraud, are likewise governed by the two-year limitation period of 12 O.S. § 95(A)(3). In their response to the motion to dismiss, Plaintiffs do not address the applicability of 12 O.S. § 95(A)(3) to their claims. Rather, Plaintiffs argument is limited to their contention that no statute of limitations period exists for their claims. In this regard, Plaintiffs contend their claims are for "[i]llegal use of Illegal documents, Grand theft auto, sham, lack of due process, and depriving the plaintiff's [sic] of there [sic] conductional [sic] rights, and rights of ownership of property" and that "[n]one of these issues are under the statutes of limitation." Plaintiffs' Response to Motion to Dismiss (Dkt. No. 21), p. 1. No support is provided for this argument. As noted above, Plaintiffs' constitutional and state law claims are clearly governed by Oklahoma's two-year limitation period under 12 O.S. § 95(A)(3). Since this action was filed more than three years after April 7, 2008 - the latest date for the alleged violation of Plaintiffs' constitutional and state law-based rights - dismissal is appropriate based on the applicable statute of limitations.

To the extent a claim based on the August 19, 2009, "failure to investigate" allegation would survive a statute of limitations defense, the Court notes several reasons for the dismissal of such claim. First, any such claim would be limited to Plaintiff, Herbert Buckland. Plaintiff, Jane Buckland, does not assert this claim as the allegations of the Complaint are limited to Plaintiff, Herbert Buckland. See Complaint, ¶ 16. Second, Plaintiff, Herbert Buckland, fails to allege any personal participation by the named Defendants. Plaintiff, Herbert Buckland, alleges "Ryan Boggs (Badge No. 4607) accepted a statement from Herbert Buckland for investigation" but no formal complaint was allowed thereby denying him due process. Id. Ryan Boggs is not a named defendant herein

and no information is provided to establish his relationship, if any, with the named defendants. There is simply no reference to the named Defendants concerning this allegation. The successful assertion of a section 1983 claim requires a showing of a defendant's personal participation in the incident. <u>Grimsley v. Mackay</u>, 93 F.3d 676, 679 (10th Cir. 1996). A civil rights action under section 1983 is subject to dismissal when there is an absence of personal participation by a defendant. <u>Coleman v. Turpen</u>, 697 F.2d 1341, 1346 n. 7 (10th Cir. 1982); <u>Twyman v. Crisp</u>, 584 F.2d 352, 355 (10th Cir. 1978); <u>Bennett v. Passic</u>, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Without any claim of personal participation by the named Defendants, dismissal is appropriate. Finally, and most conclusively, the allegations with respect to a "failure to investigate" fail to state a claim upon which relief can be granted. A private citizen does not have a constitutional, statutory, or common-law right to require a public official to investigate or prosecute a crime. <u>See</u> <u>Doe v. Mayor and City Council of Pocomoke City</u>, 745 F.Supp. 1137, 1139 (D.Md. 1990). "A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public. Therefore, no one member of the public has a right to compel a public official to act." <u>Id</u>. Consequently, Plaintiff, Herbert Buckland's, August 19, 2009, "failure to investigate " claim is subject to dismissal.

Based on the foregoing reasons, the Law Enforcement Defendants' Motion to Dismiss (Dkt. No. 22) is granted. Defendants, Monica Smith, Dwayne Hall, and Jason Jackson, are dismissed from this action as to all claims asserted against them by Plaintiffs.

It is so ordered this 11th day of October, 2011.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma